IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ISRAEL BERRIOS-BERRIOS,<br>    Defendant. | CRIM. NO. 14-334 (JAG) |

## PLEA AGREEMENT
## IN ACCORDANCE WITH RULE 11(c)(1)(A) & (C)

**TO THE HONORABLE COURT:**

The United States of America, by and through the undersigned attorneys, the defendant, **Israel Berrios-Berrios,** and the defendant's attorney, Hector Guzman, Esq., very respectfully state to this Honorable Court that they have reached an agreement (the Agreement"), the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY:**

The defendant, **ISRAEL BERRIOS-BERRIOS**, agrees to plead guilty to **COUNT FOUR** of the Indictment (Transportation of a Minor with the Intent to Engage in Criminal Sexual Conduct) pending against him. More specifically, **COUNT FOUR** of the Indictment charges:



1

## COUNT FOUR
### Transportation of a Minor with Intent to Engage in Prostitution and Criminal Sexual Activity
### (Title 18, United States Code, Section 2423(a))

From on or about July 21, 2008, through on or about July 30, 2008, the exact date of which is unknown, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, ISRAEL BERRIOS-BERRIOS,
the defendant herein, did knowingly transport an individual, who had not attained the age of 18 years, in interstate and foreign commerce, with the intent to engage in prostitution and any sexual activity for which a person could be charged with a criminal offense, to wit, on or about the dates mentioned above, the defendant, Israel Berrios-Berrios, did, among other things, transport a 15 year-old male minor, identified as "John Doe," to the City of Miami, Florida, where together they took a four-day cruise to the Bahamas, aboard the vessel known as "Majesty of the Seas," with the intent that John Doe engage in prostitution and any sexual activity constituting a criminal offense under the laws of the United States, and the laws of the Commonwealth of Puerto Rico. All in violation of Title 18, United States Code, Section 2423(a).

2. **MAXIMUM PENALTIES**

The mandatory minimum sentence for the offense charged in **COUNT FOUR** of the Indictment (Transportation of a Minor) is **ten (10) years** incarceration, while the maximum possible sentence is **life** imprisonment, a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00), see, Title 18, United States Code, Sections 2423(a) and 3571(b)(3), and a term of supervised release of not **LESS** than five (5) years, **or life,** in addition to any term of incarceration. See, Title 18, United States Code, §§3559(a)(1) (Class "A" Felony) and 3583(k).

3. **SPECIAL MONETARY ASSESSMENT**

At the time of sentencing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00), as required by Title 18, United States Code, Section 3013(a).



## 4. FINES AND/OR RESTITUTION

The Court may, pursuant to Section 5E1.2(I) of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered and also the Court may impose restitution. The defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendation as to the imposition of fines.

## 5. RULE 11(c)(1)(C) WARNINGS

The parties agree that the sentence recommendation expressed below is the appropriate disposition of this case. The defendant understands that the Court may either accept or reject this sentence recommendation, as more specifically described below: (a) should the Court accept the sentence recommendation, the Court would sentence the defendant to the agreed-upon sentence or within the agreed upon sentencing range; (b) should the Court reject the sentence recommendation, however, the Court would allow the defendant an opportunity to withdraw his or her guilty plea. In such event, should the defendant not withdraw his or her guilty plea, the Court could dispose of the case less favorably toward the defendant than the plea agreement contemplated. Also, should the Court reject the sentence recommendation, the United States would similarly have the right to withdraw from the plea agreement entirely. See, <u>United States</u> v. <u>Moure-Ortiz</u>, 184 F.3d 1 (1st Cir. 1999).



## 6. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the United States Supreme Court decisions in United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

## 7. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree that the following Sentencing Guideline calculations apply to the defendant's conduct with regard to **COUNT FOUR** of the Indictment:

| | |
|---|---|
| **BASE OFFENSE LEVEL** [U.S.S.G. §2G1.3(a)(3)] | 28 |
| **SPECIFIC OFFENSE CHARACTERISTICS:** | |
| U.S.S.G. §2G1.3(b)(3) – Defendant imposed undue influence over the minor | +2 |
| U.S.S.G. §2G1.3(b)(4) - Offense a sexual act. | +2 |
| U.S.S.G. §4B1.5(b) - Offense involved a pattern of conduct. | +5 |
| Acceptance of Responsibility - U.S.S.G. §3E1.1(b). | -3 |
| **TOTAL OFFENSE LEVEL** | 34 If Crim. Hist. Cat. I (151-188 months) |
| Criminal History Category | No Stipulation |



4

## 8. SPECIFIC SENTENCE RECOMMENDATION

In exchange for pleading guilty to **COUNT FOUR** of the Indictment, and for agreeing to enter into this Agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the defendant shall be allowed to argue for a sentence as low as ten (10) years incarceration, while the United States may argue for a sentence as high as twelve (12) years incarceration. Then at sentencing, the United States will agree to dismiss all remaining counts of the Indictment.

## 9. BREACH OF AGREEMENT

The United States and the defendant agree that any request by any party for (a) a sentence other than the agree upon specific sentence, or (b) a sentence outside of the agreed upon sentencing range, will constitute a material breach of this Agreement, in which case the non-breaching party would be liberated from all obligations under this Agreement.

## 10. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

## 11. DISMISSAL OF REMAINING COUNTS

If this Agreement is accepted by the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the defendant is sentenced to a term of incarceration between ten (10) and twelve (12) years, then the United States will request the dismissal of the remaining Counts in the Indictment, namely Counts 1-3.

## 12. SATISFACTION WITH COUNSEL

The defendant represents to the Court that he is satisfied with his legal counsel, Hector Guzman, Esq., and further indicates that Mr. Guzman, has rendered effective legal assistance.



## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify in his own behalf.



6

14. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal district, state or local authorities. Furthermore, the defendant is fully aware that the Court is not bound by this Plea Agreement, nor is it bound by the advisory sentencing guidelines calculations, any stipulations, or any sentence recommendations.

16. **ENTIRETY OF PLEA AGREEMENT**

This written Agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except those set forth in writing in this Plea Agreement. The United States further denies the existence of any other terms or conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered into unless they are in writing and signed by all the parties.

18. **WAIVER OF APPEAL**

The defendant hereby acknowledges that should the Court sentence him or her to the agreed-upon specific sentence, or agreed-upon sentencing range, the defendant agrees to waive and permanently surrender his or her right to appeal the judgment and sentence in this case.

19. **VOLUNTARINESS OF GUILTY PLEA**

The defendant hereby acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is truly guilty.

20. **IMPACT UPON CONVICTION**

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 16913. As a registered Sex Offender,

*[continued on next page]*



defendant further understands that his status as a convicted sex offender, and related Indictment, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

_____
**José Ruiz**
Assistant United States Attorney
Chief, Criminal Division
August 21, 2014

_____
**Timothy Henwood**
Assistant United States Attorney
Chief White Collar Division
August 21, 2014

_____
**Marshal D. Morgan**
Assistant United States Attorney
August 21, 2014

_____
**Israel Berrios-Berrios,**
Defendant
Dated: 8-21-14

_____
**Hector Guzman, Esq.**
Counsel for the Defendant
Dated: 8-21-14

_____
**Elba Gorbea**
Assistant United States Attorney
August 21, 2014

I hereby certify that I have consulted with my attorney and I fully understand all my rights with respect to the Indictment pending against me. I also fully understand my rights with respect to the provisions of the Sentencing Guidelines, as well as the Policy Statements, Application, and Background Notes which may apply in my case. I have also read and carefully reviewed each and every part of this Plea Agreement with my attorney and I freely and voluntarily agree to it.

Date: 8-21-14

Israel Berrios-Berrios,
Defendant

I hereby certify that I am the attorney for the defendant and I have carefully reviewed every part of this Plea Agreement with my client. I also certify that I have fully explained to my client his rights with respect to the pending Indictment, including the provisions of the Sentencing Guidelines, and the Policy Statements, Application, and Background Notes that may apply in this case. I have also fully explained to him those provisions of the guidelines which may apply in this case. I have also explained to my client the advisory nature of the Sentencing Guidelines. To my knowledge, the defendant is entering into this Agreement voluntarily, intelligently and with full knowledge of all the consequences of his plea of guilty.

Date: 8-21-14

**Hector Guzman, Esq.**
Counsel for Defendant

## GOVERNMENT'S VERSION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility.

The United States has provided full discovery to the defendant in accordance with Rule 16 of the Federal Rules of Criminal Procedure. In addition, all of the witnesses needed by the United States to prove the elements of the offenses charged in the Indictment remain ready and available to testify. If this case had gone to trial, the United States would have proven beyond a reasonable doubt all of the elements of the offenses charged in the Indictment, including the following specific facts:

From on or about July 21, 2008, through on or about July 25, 2008, ISRAEL BERRIOS-BERRIOS, did knowingly transport an individual, who had not attained the age of 18 years, in interstate and foreign commerce, with the intent to engage in any sexual activity for which a person could be charged with a criminal offense, to wit, from on or about the dates mentioned above, the defendant, Israel Berrios-Berrios, did, transport a then 15 year-old male minor, identified as "John Doe," to the City of Miami, Florida, where they then took a four-day cruise to the Bahamas aboard the vessel known as "Majesty of the Seas." While on the cruise, the defendant engaged in lewd acts with John Doe, namely mutual masturbation, which constitutes a crime under the Article 130 of the Laws of Puerto Rico, which in turn constitutes a violation of Title 18, United States Code, Section 2423(a).

Had this case gone to trial, the United States would have proven the aforementioned facts through the presentation of witness testimony, photos and other documentary evidence.

_____
**Marshal D. Morgan**
Assistant United States Attorney
August 21, 2014

_____
**Israel Berrios-Berrios**
Defendant
Dated: 8-21-14

_____
**Hector Guzman**
Counsel for Defendant
Dated: 8-21-14